United States District Court
Northern District of California

**NXSYSTEMS, INC.,**

      **Plaintiff,**

      v.

**MONTEREY COUNTY BANK, et al.,**

      **Defendants.**

Case No.: 12-cv-5458 KAW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND**

      This case was filed on May 22, 2012, in the District of Oregon. Plaintiff NxSystems brought this suit against Monterey County Bank and Northern California Bancorp ("Defendants") for claims arising out of the parties' business relationship.[1]

      Defendants filed a motion to dismiss on November 5, 2012. On December 7, 2012, Plaintiff filed a document titled "Opposition to Defendant's Motion to Dismiss," that is in substance a motion to file an amended complaint, together with a proposed amended complaint. On December 14, 2012, Defendants filed a reply brief, opposing Plaintiff's motion to amend. The Court ordered Plaintiff to file a supplemental brief responding to these arguments. Plaintiff did so on January 3, 2013. On January 10, 2013, Defendants filed a request to file a supplemental brief in response to Plaintiff's supplemental brief, with the supplemental brief attached.

      For the following reasons, Defendants' motion to dismiss is granted, and Plaintiff's motion to amend is granted in part.

///

///

---

[1] Plaintiff's original complaint named as Defendants Monterey County Bank and Northern California Bancorp, Inc. On December 7, 2012, Plaintiff filed a proposed amended complaint naming only Monterey County Bank as a Defendant.

**I.     Facts**

The proposed amended complaint alleges the following facts. In December 2002, Plaintiff, a payment processor, set up a bank account with Defendant Monterey County Bank (MCB) through MCB's BankCard Program. Through this program, MCB provided stored value cards and other banking services to Plaintiff, which assisted Plaintiff in providing programs and products to its customers.

MCB failed to provide Plaintiff with adequate monthly statements between 2002 and 2008. Plaintiff had agreed to pay reasonable compensation to MCB, "in accordance with, and in the manner set forth in, the industry." Plaintiff alleges that reasonable compensation in the industry would typically be a monthly fee of 25 cents per active card. In addition to this amount, Defendant deducted fees of approximately 10% of the revenue generated each month, without Plaintiff's knowledge. For the period of December 2002 until June 2008, these fees amounted to $116,000.

Plaintiff also agreed to allow MCB to deduct third party charges incurred by MCB in performing the services. In August 2009, Plaintiff discovered that MCB had deducted twice the amount of third party charges than was agreed to. The total for the period of December 2002 until June 2008 was $467,000.

In August 2011, Plaintiff and MCB entered into a tolling agreement with the intent to toll the statute of limitations on any potential claims.

**II.    Analysis**

As noted above, this case was transferred to this district on October 23, 2012. Defendants moved to dismiss Plaintiff's original complaint on November 5. Plaintiff's attorney filed a pro hac vice application on November 19, which was granted on November 29. Plaintiff's request to file an amended complaint was filed on December 7.

As Plaintiff has not opposed Defendant's motion to dismiss the original complaint, it is granted. *See* Judge Westmore's Standing Order at 5 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the

granting of the motion."). However, Plaintiff is given leave to file an amended complaint, as explained below.

Plaintiffs' proposed amended complaint contains the following causes of action: 1) Money Had and Received; 2) Conversion; 3) Negligence; 4) Fraud; 5) Negligent Misrepresentation; 6) Breach of the Covenant of Good Faith and Fair Dealing; 7) Unjust Enrichment; and 8) Accounting. The complaint lists only Monterey County Bank as a Defendant.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Rule 15 "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The factors considered in determining whether leave to amend should be granted are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). The party opposing the amendment carries the burden of showing why leave to amend should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**A. Delay, Bad Faith and Prejudice**

Defendants argue that Plaintiff unduly delayed in seeking amendment, as it waited years past the statute of limitations to file its lawsuit, waited more than six months to amend the original complaint, and sought leave to amend only after Defendants filed their second motion to dismiss. The statute of limitations issue is addressed below and has no bearing on the undue delay analysis. While it is true that Plaintiff sought to amend the complaint six months after it was filed, it only waited for approximately six weeks after the case was transferred to this court, and one week after its attorney was admitted *pro hac vice*, to file the amended complaint. This does not constitute "undue" delay, as Plaintiff's attorney presumably had to find local counsel and research California law before drafting an amended complaint.

Next, Defendants argue that they will be prejudiced if Plaintiff is granted leave to amend because they will have to incur the cost of preparing a third motion to dismiss. Defendants characterize Plaintiff's proposed amended complaint as "nearly identical" to the original

3

complaint. To address this concern, the Court rules on many of the arguments raised in Defendants' motion to dismiss in this order.

Defendants claim that Plaintiff has acted in bad faith, because although Plaintiff claimed that it discovered new facts since the filing of the original complaint, the proposed amended complaint does not contain new facts. Defendants also take issue with Plaintiff's revision of the definition of "reasonable fees" in the proposed amended complaint. The Court does not see these revisions as indications of bad faith.

### B. Futility

Defendants argue that amendment would be futile, as Plaintiff's claims are barred by the statute of limitations, and fail to state a claim upon which relief could be granted.

#### 1. Statute of Limitations

The parties agree that the all of Plaintiff's causes of action are subject to a three year statute of limitation under Cal. Civ. Proc. Code § 338(d), except for the cause of action for breach of the implied covenant of good faith and fair dealing, which is subject to a two-year statute of limitation under Cal. Civ. Proc. Code § 339. Defendant argues that because the facts in the complaint occurred between June 2002 and June 2008, all of the causes of action are time-barred.

However, Plaintiff's complaint alleges that it did not discover the facts upon which the causes of action until August 2009, and that the parties entered into an agreement to toll the statute of limitations in August 2011. The complaint implies, but does not explicitly state, that the tolling agreement was written. *See* Prop. Am. Compl. at 4 ("Sometime after the Tolling Agreement was executed . . . ").

Under California law, the discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). A plaintiff seeking to utilize the discovery rule must plead facts to show his or her inability to have discovered the necessary information earlier despite reasonable diligence. *Id.* at 815. If the complaint shows on its face that claims would be barred without the benefit of the discovery rule, a Plaintiff must "specifically plead facts to show (1) the

4

time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 920-21.

Here, because all of the events in the complaint forming the basis of the causes of action occurred before June 2008, and Plaintiff alleges that the tolling agreement was not entered into until August 2011, all of the causes of action in the complaint are time-barred without the discovery rule. Regarding discovery of the causes of action, the proposed amended complaint alleges that in August 2009, Plaintiff "discovered that Defendant, in addition to the Reasonable Compensation, misappropriated approximately ten percent (10%) of the revenue generated . . . during the period of December 2002 and December 2008," and "discovered that the Defendant deducted twice the amount of Third Party Charges from [Plaintiff's] bank accounts then [sic] was agreed to . . . on a monthly basis . . . during the period ranging from December 2002 [to] June 2008." Plaintiff does not plead facts regarding the manner of discovery of the misappropriations and excessive fee charges. Nor does Plaintiff explain in its pleading why it was unable, despite reasonable diligence, to discover these facts sooner. Plaintiff does allege that it never received "adequate" monthly statements from Defendant, but does not explain how the statements were inadequate, or why it was reasonably diligent for Plaintiff to rely on these inadequate statements.

Plaintiff seeks leave to amend to add facts supporting delayed discovery. Because it is not clear that Plaintiff cannot allege facts to support the discovery rule, leave to amend is be granted as to the causes of action that are otherwise viable.

### 2. Failure to State a Claim Upon Which Relief Could be Granted

Defendants further argue that all of the causes of action fail to state a claim upon which relief could be granted. In analyzing the claims in the proposed amended complaint under this standard, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

5

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

### a. Money Had and Money Received

Defendants argue that a cause of action for money had and money received under California law must be based on extortion or oppression. But the cause of action actually encompasses a broader range of conduct. *See H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp.*, 99 Cal. App. 3d 711, 718 (Cal. Ct. App. 1979) (the cause of action for money had and money received "lies for money paid by mistake; or upon a consideration which happens to fail; or for money got through imposition (express or implied); or extortion; or oppression; or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under those circumstances. In one word the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money."). In the proposed amended complaint, Plaintiff alleges that Defendant received money from Plaintiff which was intended to be used, but was not used, for the benefit of Plaintiff. This allegation is sufficient to support an argument that it would be equitable for Defendant to refund the money. Therefore, Defendants have failed to establish that amendment would be futile as to this cause of action, if the cause of action is not time-barred.

### b. Conversion

The elements of a cause of action for conversion are: (1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages. *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (2007). Defendants make three arguments. First, Defendants argue that conversion cannot be based on the mere breach of a contract. But the allegations in the complaint are not merely regarding the breach of a contract; instead, Plaintiff alleges that Defendants took money out of its accounts without its knowledge or consent. Although Defendants argue that the money was rightfully taken out of the account pursuant to an explicit contract, the argument is unavailing at the pleading stage, as it is contradicted by the allegations in the complaint. Similarly, Defendants' arguments that the charging of the fees was not a "wrongful taking of funds" and that Plaintiff consented to the charging of the fees are contradicted by the factual allegations in the complaint. Thus, this is also a viable cause of action, if it is not time-barred.

### c. Negligence

Defendants argue that this cause of action must be dismissed, because there is no tort remedy for negligent performance of a contract. In some cases, a tort cause of action may arise from the negligent performance of a contract. *See N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 775 (1997) ("[e]ven where there is a contractual relationship between the parties, a cause of action in tort may sometimes arise out of the negligent manner in which the contractual duty is performed"). But if the cause of action arises solely out of the breach of a contractual duty, there is no tort remedy. *See Wilmington Liquid Bulk Terminals, Inc. v. Somerset Marine Inc.*, 53 Cal. App. 4th 186, 194 (1997), disapproved of on other grounds by *Vandenberg v. Superior Court*, 21 Cal. 4th 815 (1999) ("Where the sole basis of the insured's potential liability is a claim that the insured breached a contractual duty, it cannot be transformed into a breach of a duty imposed by law simply by an allegation that the breach was also tortious or, as in this case, negligent").

7

1 Here, Plaintiff alleges that Defendant failed to properly manage the accounts, in that it did
2 not maintain proper records, failed to properly credit and debit fees in the accounts, and took fees
3 without having the legal authority and/ or proper documentation to do so. These allegations are
4 sufficient to support a cause of action for negligence at this stage of the proceedings. This cause
5 of action does not allege a mere breach of contract; rather, it alleges that Defendant negligently
6 serviced Plaintiff's accounts, causing resulting damages. This is a viable cause of action if it is
7 not time-barred.

### d. Fraud and Negligent Misrepresentation

The elements of fraud are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state-law causes of action). Fraud allegations must be explain "the who, what, when, where, and how" of the misconduct. *Id.* at 1106.

Here, the proposed amended complaint does not meet these requirements. Plaintiff argues that the complaint alleges that "Defendant stated that there was an oral agreement and submitted a fraudulent documents to Plaintiff." But these facts relate to negotiations after the events giving rise to damages to Plaintiff already took place. There is no allegation of reliance on the alleged representations.

Plaintiff's claim for negligent misrepresentation fails for the same reason. *See Small v. Fritz Companies, Inc*., 30 Cal. 4th 167, 173, 65 P.3d 1255, 1258 (2003) (negligent misrepresentation has the same elements as fraud, except that it does not require scienter, or intent to defraud).

Plaintiff requests leave to amend these causes of action. But because the false statements alleged in the proposed amended complaint allegedly occurred after damages resulted, there is no way that Plaintiff could amend these facts to state a claim. Plaintiff would have to come up with entirely new facts to support these causes of action. Accordingly, Plaintiff is not given leave to amend these causes of action.

8

### e. Breach of the Duty of Good Faith and Fair Dealing

Although there is a covenant of good faith and fair dealing implied in all contracts in California, the breach of that covenant does not necessarily give rise to a tort claim. *Rogoff v. Grabowski*, 200 Cal. App. 3d 624, 628 (Cal. Ct. App. 1988). *See Copesky v. Superior Court*, 229 Cal. App. 3d 678, 690 (Cal. Ct. App. 1991) ("there is only one category of business transactions which definitionally is amenable to tort actions for contract breaches, and that is insurance"). Plaintiff cites no authority to support this cause of action under California law, and provided no authority at the hearing. Although Plaintiff has requested leave to amend this cause of action, amendment would be futile, as the tort claim fails as a matter of law.

### f. Unjust Enrichment

Unjust enrichment is a quasi-contractual cause of action, which does not lie when there is an enforceable, binding contract defining the rights of the parties." *California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (Cal. Ct. App. 4th 2001)("as a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights"). *See also Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)

Here, Defendants claim that there was an underlying contract defining the rights of the parties, and that there can be no cause of action for unjust enrichment. However, Plaintiff argues that the underlying contract did not fully define the rights of the parties. To the extent that this cause of action is not based on the rights of the parties set out in the contract, or that the contract is not enforceable, Plaintiff may amend this cause of action.

### g. Accounting

Plaintiff's final claim for an accounting fails as a matter of law. "The nature of a cause of action in accounting is unique in that it is a means of discovery. An accounting is a species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180 (2009) (internal citation omitted). "An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Id.* at 179. Here, the proposed amended

9

complaint seeks damages of $538,000 on the first through seventh causes of action. Plaintiff does not have a legal inability to determine how much money Defendant owes it. Although Plaintiff argues that it is "requesting an accounting to make sure that there is not more than $538,000 that is due Plaintiff," it may investigate its claims through the normal discovery process. Therefore, this cause of action is dismissed without leave to amend.

## III. Conclusion

It is hereby ORDERED that:

1. Defendants' request to file supplemental briefing is granted.
2. Defendants' motion to dismiss is granted, with leave to amend.
3. Defendant Northern California Bancorp, Inc. is dismissed with prejudice.
4. Plaintiff's motion to amend is granted in part. Plaintiffs' causes of action for Fraud, Negligent Misrepresentation, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Accounting are dismissed without leave to amend.
5. Plaintiff shall file an amended complaint consistent with this order within 21 days of the date of this order.

IT IS SO ORDERED.

Dated: February 1, 2013

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**